In his application for rehearing, plaintiff contends that we have committed an error of law in not following the decisions of Carlino v. U.S. Fidelity Guaranty Co., 196 La. 400,199 So. 228, and Thornton v. E. I. Dupont de Nemours Co.,207 La. 239, 21 So.2d 46, contending that these decisions grant him the right to have his claim adjudicated regardless of the fact that no compensation is actually presently due at the time of the filing of the suit. We have discussed these cases in our opinion and see no reason to again discuss them.
Plaintiff, in his application for rehearing, now admits that, at the time he filed his suit, he was receiving wages far in excess of the maximum amount allowed by law as compensation and that of such wages the maximum amount allowed by law as compensation should be credited "pro tanto." He also admits that the payment of such wages in lieu of compensation interrupted the running of prescription and has abandoned his position as contained in the latter part of Article 11 of his petition reading as follows: "* * * that the filing of this petition was originally made necessary within the year following the last compensation payment in order to eliminate the possibility of prescription running against any part or all of petitioner's claim." Under such admissions, more than ever, the suit of plaintiff is premature. He must wait, before filing suit, until he is discharged from his duties and his employer refuses to pay him compensation.
Plaintiff's application for rehearing is refused.